IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,  \*
    Plaintiff,
    v.                     \*      CRIMINAL NO.: WDQ-14-0591

ANGELA M. BLYTHE          \*
    Defendant.          \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Angela M. Blythe is charged with conspiracy to commit bank fraud,[1] bank fraud,[2] and false statements to a bank.[3] ECF No. 1. Pending are Blythe's motions to dismiss on speedy trial grounds, or alternatively, to dismiss count one, *in limine* to preclude evidence, and to redact paragraph three from the indictment, ECF Nos. 20, 21, 22, 54, and the government's motion *in limine*, ECF No. 49. Trial began on September 28, 2015. ECF No. 43. For the following reasons, Blythe's motion to dismiss will be denied without prejudice, and her motion to redact will be denied. The motions *in limine* will be resolved as discussed herein.

---

[1] 18 U.S.C. § 1349 (2012).

[2] 18 U.S.C. § 1344 (2012).

[3] 18 U.S.C. § 1014 (2012).

I.  Background[4]

This case arises from an investigation into three bank loans made to Louis Strosnider[5] from 2003 to 2005 by K Bank, BB&T, and Sky Bank. ECF No. 28 at 1. Strosnider allegedly used the loans to buy land from Samuel VanSickle, who owned and developed property in West Virginia and Maryland.[6] Id.; ECF No. 1 ¶ 2. Blythe is an attorney licensed to practice in West Virginia and Maryland. ECF No. 1 ¶ 1.

From September 1998 to September 2001, Blythe represented VanSickle "and his company Mutual Trust Contracting, Inc., in a civil law suit in the Circuit Court for Garrett County in which VanSickle and his company were accused of civil fraud in the sale of a tract of land in Garrett County." Id. ¶ 3.[7] The civil suit, styled as *Curran, et al., v. VanSickle, et al.* ("*Curran*"), alleged that the plaintiffs had bought land from Mutual Trust Contracting, Inc. ("Mutual Trust"), of which VanSickle was

---

[4] The facts are from the indictment, relevant filings, and attached exhibits. ECF Nos. 1, 21-1, 21-2, 27, 28.

[5] In August 2014, Strosnider pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. *See United States v. VanSickle, et al.*, Criminal No. WDQ-14-071 (D. Md.), ECF Nos. 26, 27.

[6] VanSickle is charged with bank fraud and conspiracy to commit bank fraud. *See id.*, ECF No. 22.

[7] Garrett County is in Maryland. *See* ECF No. 1 ¶ 2.

President. ECF No. 21-1 at 2.[8] Before recording the deed, Mutual Trust allegedly sold three lots within the parcel of land to other buyers. Id. When Mutual Trust recorded the deed, the three lots were excluded. Id. The plaintiffs sued Mutual Trust and VanSickle for fraud. Id. A jury found that Mutual Trust had committed fraud but VanSickle had not. Id.[9] The plaintiffs moved for judgment notwithstanding the verdict and a new trial on the basis that the jury verdict was irreconcilably inconsistent because VanSickle was Mutual Trust's sole stockholder, officer, and agent. Id.; ECF No. 21-2 at 13-14. The presiding judge granted the motion. ECF No. 21-1 at 2.[10] Thereafter, *Curran* settled. Id.

From June 2000 to June 2006, Blythe allegedly conspired with VanSickle to defraud banks by preparing and recording deeds and conducting property settlements under VanSickle's false identities. ECF No. 1 ¶¶ 1, 8, 11. For example, in October 2004, Blythe allegedly prepared a false settlement statement in connection with Strosnider's purchase of "Red Run" in Oakland, Maryland, failed to conduct the settlement as indicated on the settlement statement, and concealed that fact from the lender,

---

[8] *See also* ECF No. 21-2 at 3-11 (civil complaint).

[9] *See also id.* at 12-14 (motions for judgment notwithstanding the verdict and a new trial).

[10] *See also id.* at 22 (civil case history).

BB&T.  *Id.* ¶¶ 19-20.  In December 2004, Blythe allegedly conducted a settlement for VanSickle under his alias, Donald Blunt, Trustee for Gospel Church.  *Id.* ¶ 11(e).

The government's investigation into the criminal conspiracy began in September 2012.  ECF No. 28 at 1, 4.[11]  On September 23, 2014, Blythe and the government executed an agreement tolling the 10-year statute of limitations for 90 days, not including the date of execution.  ECF No. 27 at 1 (sealed).

On December 16, 2014, a federal grand jury indicted Blythe for conspiracy to commit bank fraud, bank fraud, and false statements to a bank.  ECF No. 1.  On August 3, 2015, Blythe moved to dismiss the indictment on speedy trial grounds, or alternatively, to dismiss count one as barred by the statute of limitations.  ECF No. 20.  That day, Blythe also moved *in limine* to exclude reference to her prior representation of VanSickle and Mutual Trust in *Curran* and to redact paragraph three from the indictment.  ECF Nos. 21, 22.  On August 31, 2015, the government opposed the motions.  ECF Nos. 28, 29, 30.  On September 17, 2015, Blythe replied.  ECF No. 41, 42.

On September 24, 2015, the government moved *in limine* to preclude evidence, comment, and argument about the government's

---

[11] In November 2010, K Bank's civil suit against VanSickle and Strosnider was acquired by the Federal Deposit Insurance Commission ("FDIC"); in 2010, the FDIC made a criminal referral to the Federal Bureau of Investigation and the U.S. Attorney's Office.  ECF No. 28 at 5 n.1.

4

charging decisions and Blythe's recent closing activities. ECF No. 49.[12] On September 25, 2015, Blythe opposed the motion. ECF No. 50. On September 27, 2015, Blythe moved *in limine* to preclude testimony about real estate transactions for which she had served as closing or settlement attorney because the government had failed to designate an expert on those matters. ECF No. 54.

II. Analysis

    A.   Motion to Dismiss

        1.   Motion to Dismiss the Indictment

Blythe initially argued her motion under the Sixth Amendment; however, she has conceded that the Sixth Amendment--which governs post-indictment delay--does not apply. ECF Nos. 20-1 at 2-4; 42 at 1 n.1. Rather, Blythe now argues that the indictment should be dismissed for pre-indictment delay under the Fifth Amendment. ECF No. 42 at 1.

To establish a due process violation from pre-indictment delay, a court must first "assess whether the defendant has suffered actual prejudice." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403 (4th Cir. 1985). If there has been actual prejudice, "the court must then consider the

---

[12] That day, the government had received discovery from Blythe that "appear[s] to suggest that [Blythe] may still have a business relationship with [a] . . . financial institution[] impacted by her charged conduct." ECF No. 49 at 1.

5

Government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for delay." *Id.* at 403-04. "The basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'" *Id.* at 404 (*quoting United States v. Lovasco*, 431 U.S. 783, 790 (1977)).

Blythe argues that during the delay in bringing charges against her, two key witnesses--John Dever and Genevieve Scheigh--have died and other witness's memories have faded. ECF Nos. 20-1 at 4; 42 at 1-2. Dever allegedly appraised Red Run, and Scheigh allegedly executed a "release of deed of trust" for one of the real estate transactions alleged in count one. ECF No. 42 at 2. The government argues that Blythe has failed to explain what Dever and Scheigh would have testified about and how that testimony would have aided her defense. ECF No. 28 at 4. Blythe contends that "what they would have testified to is beside the point. What is important is their role in the alleged conspiracy." ECF No. 42 at 1.

To the contrary, when a defendant asserts prejudice because of witness unavailability, she "must 'demonstrate, with specificity, the expected content of that witness'[s] testimony' and 'that the information the witness would have provided was not available from other sources.'" *United States v. Kalbflesh*,

6

No. 14-4606, 2015 WL 4759522, at *1 (4th Cir. Aug. 13, 2015) (quoting *Jones v. Angelone*, 94 F.3d 900, 908 (4th Cir. 1996)). That requires the defendant to "relate the substance of the testimony which would be offered by the missing witnesses . . . in sufficient detail to permit a court to assess accurately whether the information is material to the accused's defense." *Id.* (quoting *United States v. Bartlett*, 794 F.2d 1285, 1290 (4th Cir. 1986)). Speculation about potential prejudice from the passage of time is insufficient. *Id.* The defendant must carry a "heavy burden" to prevail on a claim of prejudice from witness unavailability. *United States v. Harris*, 551 F. App'x 699, 703 (4th Cir. 2014) (citation omitted).

Here, beyond noting Dever's and Scheigh's alleged roles in the conspiracy and positing that Blythe and others "will not be able to recall the events at issue with any certainty," ECF No. 20-1 at 4, Blythe has failed to demonstrate actual prejudice. *See Automated Med. Labs., Inc.*, 770 F.2d at 404 (finding slight, if any, prejudice when delay resulted in the loss of a key witness whose testimony was "highly speculative"); *Harris*, 551 F. App'x at 704.

Even had Blythe demonstrated actual prejudice, there is no evidence that the government intentionally delayed its investigation, which began in September 2012 after a criminal referral by the FDIC. ECF No. 28 at 4. The lapse of time from

September 2012 to December 2014 is not particularly long; nevertheless, even "delay result[ing] from a protracted investigation," if "conducted in good faith," does not deprive a defendant of due process.  *United States v. Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (citation omitted); *see also Lovasco*, 431 U.S. at 795-96 ("investigative delay," distinct from "delay undertaken by the Government solely to gain tactical advantage over the accused," does not establish a due process violation) (internal quotation marks and citation omitted); *Automated Med. Labs., Inc.*, 770 F.2d at 404 (no due process violation arising from 45 month delay).

Recognizing, however, that Blythe may be unable to demonstrate actual prejudice or intentional delay until the close of evidence, the Court will deny the motion to dismiss without prejudice to Blythe renewing her motion at the close of evidence.

  2. Motion to Dismiss Count One

Blythe alternatively argues that the government has failed to allege with specificity conduct by Blythe within the ten year limitations period.  ECF No. 20-1 at 1.  The government argues that it has alleged conduct within the ten year limitations period, and whether count one is time-barred is a question of fact.  ECF No. 28 at 5.

On count one, the statute of limitations for conspiracy to commit bank fraud is ten years. *See* 18 U.S.C. § 3293(1). The government has alleged that Blythe and VanSickle engaged in a conspiracy from June 2000 to June 2006, and Blythe performed acts in furtherance of the conspiracy in October and December 2004. ECF No. 1 ¶¶ 11(e), 19-20. The agreement executed by the parties tolled the statute of limitations for 90 days--until December 22, 2014--after the date Blythe was indicted. ECF Nos. 1, 27 (sealed). The statute of limitations in 18 U.S.C. § 3293(1) "is not jurisdictional." *United States v. Matzkin*, 14 F.3d 1014, 1017 (4th Cir. 1994) (quoting *United States v. Williams*, 684 F.2d 296, 299 (4th Cir. 1982)). Rather, "[i]t is an affirmative defense that may be waived." *Id.* ("The statute of limitations is a defense and must be asserted [at] trial by the defendant in criminal cases.") (quoting *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S. Ct. 41, 43, 62 L. Ed. 193 (1917)). Further, whether count one is time-barred is a question of fact about which counsel may seek a jury instruction. *United States v. Matzkin*, 14 F.3d 1014, 1017 (4th Cir. 1994); *United States v. Duff*, 931 F. Supp. 1306, 1312 (E.D. Va. 1996). Accordingly, the Court will deny without prejudice Blythe's alternative motion to dismiss count one.[13]

---

[13] Blythe has reserved her right to argue the statute of limitations to the jury. ECF No. 42 at 4. However, Blythe has

B.  Motions *in Limine*

1.  Legal Standard

Motions *in limine* provide the Court an opportunity to rule on the admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 40, 105 S. Ct. 460, 462, 83 L. Ed. 2d 443 (1984). "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion," *i.e.*, when the district court acts "arbitrarily or irrationally." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994)(quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

Evidence that is not relevant is generally not admissible. Fed R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Fed R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed R. Evid. 403. When conducting Rule 403 balancing, courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir.) *cert. denied*, 135 S. Ct. 439, 190 L. Ed. 2d 352 (2014)

---

not proposed a statute of limitations instruction. *See* ECF No. 34.

(quoting *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000)).

  2. Blythe's Motions

    a. Blythe's Representation of VanSickle

Blythe initially argued that allegations of fraud in *Curran* are potentially barred by Federal Rules of Evidence 104(b)[14] and 404(b)[15] unless the jury could find by a preponderance of the evidence that the alleged facts are true, and the government establishes a basis for introducing VanSickle's alleged bad acts. ECF No. 21-1 at 3-4. The government responded that during the *Curran* litigation, Blythe attended VanSickle's deposition; it intends to offer the deposition as proof that Blythe knowingly entered into a conspiracy with VanSickle and had the requisite state of mind for conviction on all counts. ECF No. 29 at 1-2. The government agreed not to offer the remainder of the *Curran* record into evidence and to provide

---

[14] "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. Evid. 104(b).

[15] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Blythe with a deposition transcript with proposed redactions. *Id.* at 2. Accordingly, Blythe now argues that Rule 403 governs her motion; because the deposition's probative value would be substantially outweighed by the danger for unfair prejudice, confusion, or misleading of the jury, it should be excluded. ECF No. 41 at 3.

Statements made by others in the presence of the defendant are relevant to the defendant's state of mind. *See United States v. Rivers*, 468 F.2d 1355, 1356 (4th Cir. 1972); *see also United States v. Leake*, 642 F.2d 715, 720 & n.6 (4th Cir. 1981) (district court erred in excluding defendant's testimony, which would have recounted statements by another person, when that person's statement was not offered to prove the truth of the matter asserted but was relevant to the defendant's state of mind).[16] However, when Blythe filed her reply, the government had not provided the portions of the deposition it intends to introduce. ECF No. 41 at 1, 3. Blythe "presum[es]" the statements relate to VanSickle's "use of corporate entities to conduct real estate transactions and his doing so for privacy reasons," and argues that such statements have minimal probative value. *Id.* at 3. At this time, the motion *in limine* involves

---

[16] Because the statements are "relevant as to state of mind and intention, without regard to the truth of the statements, the hearsay rule is clearly inapplicable." *Rivers*, 468 F.2d at 1356.

questions of relevance and prejudice concerning speculative statements that the Court is unable to determine until the context of trial. Accordingly, the Court will defer ruling on this motion.

        b.    Expert Testimony

Blythe seeks to preclude expert testimony by an attorney[17] about Blythe's settlement and closing transactions because the government has not timely designated any experts on that matter; alternatively, Blythe asks that the government qualify any person providing such testimony. ECF No. 54 at 1, 5. The government has not filed a written response to the motion; however, on the first day of trial, the government stated that it intends to call Schleupner as a fact--not an expert-- witness.

Under Rule 701, lay witnesses may offer opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701.

---

[17] On September 26, 2015, the government gave Blythe a copy of a Federal Bureau of Investigation interview of Michael N. Schleupner, Esq., who reviewed settlement documents allegedly prepared by Blythe and commented on them. ECF Nos. 54 at 1; 54-1.

"[L]ay opinion testimony *must* be based on personal knowledge"[18] and helpful to the jury.[19] Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (internal quotation marks and citation omitted).

Although Blythe attached a copy of the FBI's interview of Schleupner to her motion, neither Blythe nor the government has proffered his anticipated testimony. As to other attorneys, the government must provide advance notice of its intent to call expert witnesses. Accordingly, Blythe's motion to preclude Schleupner's--or another attorney's--testimony will be denied without prejudice.

      3.   The Government's Motion

The government argues that its decisions about the timing of its presentation of evidence to a grand jury, when to file charges, and whether to charge other individuals[20] are irrelevant because "it is expected" the case will turn on whether Blythe

---

[18] *United States v. Perkins*, 470 F.3d 150, 155-56 (4th Cir. 2006); *see also United States v. Offill*, 666 F.3d 168, 177 (4th Cir. 2011) (lay opinion testimony must be based on the "witness['s] actual perception of events").

[19] *Offill*, 666 F.3d at 177.

[20] They include Dever and Scheigh. ECF No. 49 at 3.

had the requisite *mens rea*.  ECF No. 49 at 3.  The government further argues that such evidence and argument should be excluded as unfairly prejudicial or confusing to the jury because "it is improper for the jury to consider, or for counsel to suggest, that [the government's charging decisions] are grounds to support [Blythe's acquittal]."  *Id.* at 5.  Blythe argues that "it is unclear what [the government] specifically want[s] to preclude at trial"; however, the length of pre-indictment delay is relevant to whether important witnesses have been lost, and, thus, to whether she was prejudiced by the delay.  ECF No. 50 at 1-2.

The government principally relies on *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) to argue that its charging decisions are irrelevant.  ECF No. 49 at 3.  In *Young*, the Seventh Circuit affirmed the district court's exclusion of evidence that the defendant's acquaintance--who was present at a drug buy--had been released after her arrest and not charged.  20 F.3d at 765.  The Court reasoned that the defendant's trial defense was that he had not knowingly participated in the drug buy, and the defendant was not prejudiced because he had the opportunity to call the acquaintance as a witness.  *Id.*

At this stage, it is unclear whether Blythe's defense will focus on her state of mind.  Also unlike *Young*, the uncharged persons--Dever and Scheigh--are deceased and, obviously, cannot

testify.  See ECF Nos. 49 at 3; 20-1 at 4; 50 at 2.  Thus, Young's relevance is minimal.

The government's decision when to file charges is relevant to whether count one is time-barred or whether Blythe was prejudiced by the delay, which Blythe has indicated she will argue at the close of the case.[21]  It is unclear whether Blythe will argue or present relevant evidence about the government's decision about whom to charge.  Any prejudice would be minimized, however, by the Court's instruction that jurors should not speculate why the government failed to name other defendants.  Jurors are presumed to follow their instructions. See United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005) (citing Jones v. United States, 527 U.S. 373, 394, 119 S. Ct. 2090, 2105, 144 L. Ed. 2d 370 (1999)).  However, until Blythe has the opportunity to present her arguments and evidence in the context of trial, the Court is unable to properly weigh relevance and prejudice under Rule 403.[22]

---

[21] See id. at 2 (Blythe's reply in connection with her motion to dismiss the indictment).

[22] Any prejudice will be minimized, however, by the Court's instruction that jurors should not speculate why the government failed to name other defendants.  Jurors are presumed to follow their instructions.  See United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005) (citing Jones v. United States, 527 U.S. 373, 394, 119 S. Ct. 2090, 2105, 144 L. Ed. 2d 370 (1999)).

The government also seeks to preclude evidence and argument about Blythe's recent settlement conduct because it is irrelevant and "the jury might conclude that" that "certain lenders" use of Blythe "as a settlement agent today negates her illicit conduct between 2000 [and] 2006." ECF No. 49 at 6. The government further appears to argue that there is the possibility of jury nullification. See ECF No. 49 at 5-6 (citing *Sparf and Hansen v. United States*, 156 U.S. 51 (1895); *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983); and *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) as standing for the proposition that Blythe may not argue to the jury that it may acquit her on grounds other than the facts in evidence). Blythe argues that BB&T's referral of legal work to her "refute[s] the notion" that BB&T considers itself a fraud victim. ECF No. at 2.

Blythe's recent conduct has little--if any--relevance to the decade's old conduct giving rise to the charges. However, "[r]elevance is typically a low bar" to admissibility. *Jones v. Ford Motor Co.*, 204 F. App'x 280, 283 (4th Cir. 2006). Further, the Court is not persuaded that the jury will be confused or unable to differentiate between conduct occurring in 2015 and conduct occurring from 2000 to 2006. There is no indication that Blythe will argue jury nullification, and any such attempt may be dealt with at trial. However, until Blythe offers

particular evidence at trial, the Court is unable to fully assess its relevance and prejudice.

Accordingly, the Court will defer ruling on this motion until relevance and prejudice can be determined in the context of trial.

### C. Motion to Redact

Blythe moves to redact paragraph three from the indictment in its entirety. ECF No. 22.[23] "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d).

Blythe contends that the government does not need paragraph three to admit the deposition statements discussed above, and would not be prejudiced by its omission. ECF No. 41 at 2. Blythe further argues that she would be prejudiced if the jury knew that VanSickle had been accused of fraud. ECF No. 41 at 2. The government argues that the indictment alleges a conspiracy between Blythe and VanSickle; thus, their relationship and the nature of the civil suit are relevant. ECF No. 30 at 1. The government further argues that paragraph three is not

---

[23] Paragraph three states that, from September 1998 to September 2001, Blythe represented VanSickle "and his company Mutual Trust Contracting, Inc., in a civil law suit in the Circuit Court for Garrett County in which VanSickle and his company were accused of civil fraud in the sale of a tract of land in Garrett County." ECF No. 1 ¶ 3.

inflammatory, twice notes the civil nature of the lawsuit, and states that the suit was an accusation. *Id.*

At least one court in the Fourth Circuit "routinely redacts language in indictments which refer to a defendant's prior convictions in order to avoid any undue prejudice to that defendant." *Odman v. United States*, No. 1:04CV44, 2005 WL 3409656, at *4 n.4 (W.D.N.C. Dec. 9, 2005); *see also United States v. Odman*, 47 F. App'x 221, 225 (4th Cir. 2002) (affirming the lower court's striking of a prior conviction from an indictment; "[d]ue process is not offended when an amendment 'drop[s] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it . . . .'") (quoting *United States v. Miller*, 471 U.S. 130, 144, 105 S. Ct. 1811, 85 L.Ed.2d 99 (1985)). Evidence--or, in this case, an allegation--is unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) (internal quotations and citation omitted)).

Here, paragraph three is not merely "surplusage." As the government contends, that VanSickle was accused of fraud is relevant to Blythe's state of mind. ECF No. 30 at 1. Further, it strains credulity that knowledge that Blythe represented

VanSickle in a civil fraud suit will excite "the emotions of a jury . . . to irrational behavior" any more so than will the jury's knowledge that Blythe is accused of criminal fraud. *See Williams*, 445 F.3d at 730. Further minimizing potential prejudice to Blythe, this Court will instruct the jury that an indictment is not evidence. *See United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir. 1986) (even if irrelevant allegation should have been redacted, no reversible error found when court instructed the jury that the indictment was not evidence). Accordingly, Blythe's motion to redact paragraph three will be denied.

III. Conclusion

For the reasons stated above, Blythe's motion to dismiss will be denied without prejudice, and the motion to redact will be denied. The motions *in limine* will be resolved as discussed herein.

_9/29/15_  
Date

_[signature]_  
William D. Quarles, Jr.  
United States District Judge