## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. MJG-14-591 |
| | : | |
| **ANGELA M. BLYTHE,** | : | |
|     Defendant. | : | |

ooooOoooo

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF 143)

Comes now the United States of America, by and through Stephen M. Schenning, Acting United States Attorney for the District of Maryland, and Joyce K. McDonald, Assistant United States Attorney, and opposes Defendant's Motion for Early Termination of Supervised Release. In support of its Response, the government shows as follows:

1. The Defendant was a practicing attorney in Garrett County, Maryland, who was convicted in a jury trial of a conspiracy to defraud financial institutions and related substantive counts arising from her conduct of seven real estate settlements with the fictitious seller, "Donald Blunt, Trustee for Gospel Church" or "Donald Blunt, Trustee for Freedom Church" and the fictitious officer for "Unity Mortgage" called "Jacob Aiken."   The fictitious parties were all alter egos of Samuel VanSickle who was himself convicted in Criminal No. MJG-14-0071.   In committing the offenses, the Defendant abused her position of public or private trust and her special skill as an attorney.  The Defendant's conduct caused substantial losses; the Court ordered her to pay restitution of $948,203.25.  ECF 95.

2. The Defendant has served her active prison term and one year of her supervised release term of three (3) years.  ECF 95. She now seeks early termination of supervision.

3. Government counsel has conferred with the United States Probation Office and has been informed that the Defendant does not qualify for early termination because her offense of conviction was a substantial fraud offense in which she had an aggravated role. The government urges the Court to seek clarification from the Probation Office, if the Court has not done so already.

4. In addition, the Defendant is making only nominal payments of $100 per month toward restitution. The Probation Office has informed the government that the Defendant has reported that she is working in her son's law firm and being paid $316 per week. It is unclear whether the Defendant is being paid below minimum wage or is working less than 40 hours per week. The Defendant is due for another financial evaluation by the Probation Office. The Defendant's purported inability to make a more substantial monthly restitution payment[1] means that the Probation Office should review her employment and financial situation with a view toward requiring a more substantial payment through longer work hours or different employment. These goals can only be accomplished only through continued supervision.

Accordingly, the government opposes the Defendant's request for early termination of supervision.

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By: _____/s/_____
Joyce K. McDonald
Assistant United States Attorney

---

[1] The Defendant has separately filed to insure that her restitution and forfeiture obligations are consolidated with Samuel VanSickle's and Louis Strosnider's so that she will receive credit for monies collected from them. ECF 144. The government hopes that the Defendant would be equally diligent in making her own contributions to the restitution and forfeiture judgments.

CERTIFICATE OF SERVICE

I hereby certify that the Government's Response to Defendant's Motion for Early Termination of Supervised Release, ECF 143, was filed electronically and served by first class mail on Angela Blythe, 3 South Third Street, Oakland, MD 21550.

_____/s/_____
Joyce K. McDonald
Assistant United States Attorney