## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| **v.** | **: Crim. No. CCB-14-0591** |
| **ANGELA M. BLYTHE** | **:** |

## DEFENDANT'S MEMORANDUM REGARDING ISSUES RAISED IN 28 U.S.C. 2255 MOTION

Defendant submits this memorandum in response to the Court's Order dated June 14, 2018 [Doc 151]. After a review of the record and discussions with Ms. Blythe, it is respectfully suggested that the hearing on the motion address the following issues.

### I.  WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL AN EXPERT WITNESS

Defendant submits that an expert was necessary to testify on certain subjects relevant to real estate transactions. This claim consists of the failure to provide expert testimony on a general overview of real property conveyances including the role of a notary public (Issues 1, 2, 7, 24)[1]; "1031 exchanges" and how they differ from a "mortgage payoff" (Issue 3); types of real property conveyances/transactions (Issue 4), seller formation of companies to protect privacy (Issue 5); and required procedures and filings during real estate transactions (Issue 21).

---

[1] "Issue" refers to the issues raised in Blythe's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc 124].

In this case, the jury had obvious problems during deliberations because it lacked evidence needed to fully understand and decide the issues.  For instance, the jury sent out a note asking, "What is the legal requirements of a settlement attorney for a 'mail-away' settlement re ID of people who signed the HUD-1?"  [Doc 73]  The Court responded, "As to your first question, we cannot answer your request for additional evidence; you must rely on the evidence in your possession."  [*Id.*]  Based on the Court's response that it could not provide additional evidence, it may very well be that the jury had additional questions on topics related to real property transactions that were not within common knowledge of jurors.  *See United States v. Lespier,* 725 F.3d 437, 449 (4th Cir. 2013) (to be admissible expert testimony must "help the trier of the fact to understand the evidence or to determine a fact in issue," and that "[t]he helpfulness requirement of Rule 702 thus precludes the use of expert testimony related to matters which are 'obviously ... within the common knowledge of jurors.'" (*quoting* Fed. R. Evid. 702(a) and *Scott v. Sears Roebuck & Co.,* 789 F.2d 1052, 1055 (4th Cir. 1986).  *See also United States v. Offill,* 666 F.3d 168, 175  (4th Cir. 2011) ("Nonetheless, we have also noted that when the legal regime is complex and the judge determines that the witness' testimony would be helpful in explaining it to the jury, the testimony may be admitted.")

Ms. Blythe submits that the intricacies of real estate transactions, including the various types of transactions and legal requirements of the transactions required the use of an expert witness.  In order to meet her burden, Blythe must identify the acts or omissions of counsel that are alleged not to have been the result

of reasonable professional judgment and must establish that counsel's challenged

conduct on the facts of this case, viewed as of the time of counsel's conduct, was

unreasonable. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066,

80 L. Ed. 2d 674 (1984). In order to meet this burden, Blythe intends to call an

expert witness to testify what a reasonable attorney would be expected to do when

faced with the allegations and facts of this case.

## II.  WHETHER COUNSEL WAS INEFFECTIVE DUE TO FAILURE TO BE PREPARED FOR TRIAL.

Blythe maintains that counsel's conduct fell below the required standards

when they failed to admit various exhibits in to evidence, or failed to explain the

importance of documents that were admitted into evidence (Issues 9, 18); counsel

failed to establish that the defendant did not conduct the Tracy Riley closing (Issue

11); counsel was not prepared to cross-examine key witnesses (Issues 13, 17);

counsel failed to admit evidence/present testimony that Vansickle conducted

business with numerous lawyers and companies to support the argument that

Blythe's actions were as a result of being unknowingly deceived by Vansickle, as

were numerous other attorneys (Issue 19); counsel did not know how to operate the

court's desktop projector (Issue 22); counsel failed to provide the PSR in a timely

manner (Issue 25).

Overall, counsel owes a duty to prepare. "Attorneys have a duty to investigate

their client's case so as to enable them to make professional decisions that merit

distinction as 'informed legal choices.' *See Elmore v. Ozmint,* 661 F.3d 783, 858 (4th

Cir.2011). Genuinely evaluating tactical options is a necessity, and '[c]ounsel's lack

of preparation and research cannot be considered the result of deliberate, informed trial strategy.' *Hyman v. Aiken,* 824 F.2d 1405, 1416 (4th Cir.1987). The strong presumption that counsel's choices were part of an overarching strategy 'does not overcome the failure of ... attorneys ... to be familiar with readily available documents necessary to an understanding of their client's case.' *Id." Winston v. Pearson*, 683 F.3d 489, 504–05 (4th Cir. 2012).  In regard to the Tracy Riley issue, "[a]n attorney's failure to present available exculpatory evidence is ordinarily deficient, unless some cogent tactical or other consideration justified it. *Griffin v. Warden, Maryland Corr. Adjustment Ctr.*, 970 F.2d 1355, 1358 (4th Cir. 1992) (internal quotation marks and citations omitted).

### III.  DEFENDANT WAS NOT PREPARED TO TESTIFY

Counsel failed to prepare Ms. Blythe to testify and advised her that she should not testify.  This was particularly problematic since there was no evidence presented by defense counsel to counter the government's evidence that she acted with the requisite intent.

### IV.  OTHER ISSUES RAISED BY DEFENDANT

Ms. Blythe submits that the following issues do not require an evidentiary hearing and following the hearing she will either submit on the record or withdraw the following issues:  counsel's failure to advise Blythe of September 29, 2015 Memorandum Opinion (Issue 6); counsel's failure to call an expert regarding BB&T's negligence (Issue 8); counsel's comments and behavior in front of jury (Issue 12); counsel's failure to request that witnesses be sequestered (Issue 14); counsel's

failure to call Vansickle as a defense witness (Issue 16); counsel's failure to call key witnesses (Issue 20); counsel's failure to show that other attorneys conducted closings in the same way Blythe is alleged to have done (Issue 23); Prosecutor engaged in prosecutorial misconduct (Part Two).

Respectfully submitted,

/s/_____
Mary E. Davis

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

*Counsel for Angela Mae Blythe*

CERTIFICATE OF SERVICE

I hereby certify that this Response was served upon all counsel of record via the Court's CM/ECF System on this 1st day of October 2018.

/s/_____
Mary E. Davis