## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Criminal No. <u>CCB-14-0591</u> |
| | : | Civil No. <u>CCB-17-1756</u> |
| **ANGELA M. BLYTHE,** | : | |
| **Defendant/Petitioner.** | : | |

oooOoooo

### GOVERNMENT'S RESPONSE TO DEFENDANT/PETITIONER'S MEMORANDUM REGARDING ISSUES RAISED IN 28 U.S.C. 2255 MOTION (ECF 152)

The United States of America, through undersigned counsel, respectfully submits the following response to Defendant/Petitioner's Memorandum Regarding Issues Raised in 28 U.S.C. § 2255 Motion. ECF 152. The Memorandum identifies no potentially meritorious issues in Petitioner/Defendant's 2255 Petition and identifies no issue which merits a hearing. Accordingly, the government requests that the Court deny the evidentiary hearing and deny the 2255 Petition.

### Procedural History of the 2255 Action

On July 26, 2017, the defendant-petitioner Angela Blythe ("Blythe" or "the defendant") filed a petition pursuant to 28 U.S.C. § 2255 to attack her convictions after a two week trial for conspiracy to commit bank fraud, bank fraud, and false statements to a bank. ECF 124. Because the petition attacked the competency of trial counsel, the government requested a ruling that the petition waived attorney-client privilege with trial defense counsel and asked the Court to order trial defense counsel to address Blythe's claims in an affidavit. ECF 126. On August 25, 2017, the Court directed trial defense counsel to provide an affidavit to the government addressing Blythe's issues, ECF 127, and later ordered trial defense counsel to provide the affidavit to Blythe, too. ECF 131. On December 6, 2017, trial defense counsel provided its affidavit and

1

exhibits.  On January 12, 2018, when the government filed its response to the 2255, ECF 140, it also filed trial defense counsel's affidavit, ECF 137, and filed the exhibits to the affidavit under seal.  ECF 139.  On February 9, 2018, Blythe replied.  ECF 142.  On May 11, 2018, Blythe moved for appointment of counsel, ECF 149, which the Court granted and appointed Mary E. Davis, Esq.  ECF 150.  The Court directed appointed counsel to review Blythe's *pro se* filings and "determine how best to present potentially valid contentions for Defendant."  ECF 151.  The order further directed appointed counsel to file a legal memorandum regarding the defense position by October 1, 2018, and the government to respond by November 2, 2018.  ECF 151. The government's response time was extended until November 8, 2018.  ECF 155.

## Procedural History of the Case

In 2014, the defendant Angela Blythe ("Blythe" or "the defendant") was an attorney in Garrett County, Maryland.  She was charged in a four-count Indictment with conspiring with Samuel VanSickle[1] to commit bank fraud, in violation of 18 U.S.C. § 1349 (Count One); with a substantive bank fraud charge for defrauding BB&T Bank, in violation of 18 U.S.C. § 1344 (Count Two); and with making false statements to BB&T and United Bank and Trust, in violation of 18 U.S.C. § 1014 (Counts Three and Four), all in connection with real estate settlements involving bank loans that she closed for a fictitious person and entity:  "Donald Blunt, Trustee for Gospel Church" or "Donald Blunt, Trustee for Freedom Church."  "Donald Blunt" was an alias of Samuel VanSickle, a client whom Blythe had represented on marijuana possession charges and various real estate deals.

Blythe was initially represented by Robert Bonsib, but he struck his appearance, ECF 15;

---

[1] Samuel VanSickle and Louis Strosnider were charged in a separate case, WDQ14-071, with conspiracy to commit bank fraud and specific counts of bank fraud.  They both pled guilty.

thereafter, Blythe was represented by retained counsel Silverman, Thompson, & White, namely Andrew C. White, William Sinclair, and Andrew G.W. Norman (hereafter "defense counsel or trial defense counsel").  ECF 6, 7, 19.  After discovery and the resolution of a number of pretrial motions, the jury trial began in Baltimore on September 28, 2015, and the jury returned guilty verdicts on all counts on October 9, 2015.  On December 16, 2015, the district court sentenced Blythe to a downward variant sentence of four concurrent terms of imprisonment of a year and a day, along with restitution, forfeiture, and three years of supervised release.  Blythe appealed and was represented on appeal by appointed counsel, Shearman & Sterling, LLP. The Fourth Circuit affirmed Blythe's convictions in an unpublished per curiam opinion.  Appeal No 15-4799 (July 13, 2016) (2016 WL 3743186).

## Issues Raised by the 2255

New counsel has identified 3 issues raised by the 2255 Petition:

1.  Whether trial counsel was ineffective for failing to call an expert witness;

2.  Whether trial counsel was ineffective due to failure to be prepared for trial; and

3.  Whether trial counsel was ineffective due to failing to prepare the defendant to testify and advising her that she should not testify.

To establish ineffective assistance, the defendant must show "(1) that [her] attorney's performance fell below an objective standard of reasonableness and (2) that [she] experienced prejudice as a result, meaning that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013); *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012), *quoting Strickland v. Washington*, 466 U.S. 668, 698-88, 694 (1984). The government will address each of defendant's three ineffective assistance claims in turn.  The government

requests that the Court further consider the responsive pleading, ECF 140, which has previously addressed these issues.

## Trial Counsel's Failure to Call an Expert Witness

Blythe asserts that her trial counsel's performance fell below an objective standard of reasonableness and that she experienced prejudice as a result--meaning that the result of the proceedings would have been an acquittal. Blythe identifies general subject matter areas about which a defense expert witness **could** have testified at trial.  Generalities are not enough; Blythe fails to identify any **specific** testimony which could be elicited from an expert witness which would exonerate her.  Defense counsel made deliberate trial tactical choices based on their understanding of Blythe's practices.  Trial tactics cannot be reviewed with the benefit of hindsight and without addressing the facts reasonably relied upon by trial counsel.  *United States v. Dyess*, 730 F.3d 354, 403 (4th Cir. 2013); *Roach v. Martin*, 757 F.2d 1463, 1478 (4th Cir. 1985).  Decisions about what types of evidence to introduce are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention.  *Wilson v. Green*, 155 F3d 396, 404 (4th Cir. 1998).

As trial defense counsel's Affidavit makes clear, defendant discussed with her attorneys the wisdom of calling expert witnesses on real estate closings and the duties of settlement officers.  Counsel identified and consulted three possible experts on real estate closings.  ECF 137-1 at ¶¶3 - 10.  Defense counsel ultimately concluded that calling a defense expert "would have allowed the Government on cross-examination to highlight the serious shortcomings of Defendant's office practices," which would be "counterproductive."  *Id.* at ¶ 5.  *See United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) ("the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits

against perceived risks, and one to which we must afford enormous deference," *quoting United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994).  The Fourth Circuit has repeatedly held that which witnesses to call is a tactical decision left to counsel.  *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010); *see Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995)("Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel.").

Defense counsel decided not to call an expert witness on notaries public and attorneys' reliance on them because "such testimony would have been very damaging to the Defendant" and "illustrate[ed] the inadequacy of Defendant's practices." *Id*. at ¶7.  The defendant complains of the failure to call an expert on "1031 like kind exchanges"; the defendant today believes that such an expert would have been helpful.  Trial defense counsel consulted with a potential expert about the purported 1031 Red Run transaction and "was concerned about the numerous irregularities" the expert identified in the Red Run transaction. Defense counsel believed that calling the 1031 expert would be "counterproductive."  ECF 137 at ¶ 8.  Defense counsel pursued the possibility of expert witnesses, including 1031 like kind exchange expert witnesses, and rejected the idea of calling such a witness.  This tactical decision cannot be the basis of 2255 petition.  *United States v. Conner*, 456 Fed. App'x 300, 306 (4th Cir. 2011)(2011WL 6017957) (Defense counsel's failure to present expert testimony challenging the government's extrapolation methodology during sentencing hearing for defendant convicted of numerous counts of health care fraud and other charges was matter of reasonable strategy and not ineffective assistance; "[e]ven had [trial counsel] been able to use an expert to persuade the district court to reject the government's methodology, it is sheer speculation to conclude that the ultimate result would have been a loss determination of less than $2,500,000." *Id.*)  The same conclusion applies here;

Blythe never identifies what her theoretical proposed expert would have said which would have exonerated her.  There is no basis for this Court to conclude that trial counsel's conduct of the defense fell below the professional standard of reasonableness.  It is "sheer speculation" to argue that if trial counsel had called one of the several proposed experts with whom they consulted, that the testimony, **never** set forth in any detail in Petitioner's Motion or Memorandum, would have made any difference in the verdict.

### Trial Counsel's Alleged Failure to Prepare for Trial

Defense counsel's affidavit attests to "many hundreds of hours interviewing witnesses, reviewing documents and working closely and comprehensively with Ms. Blythe in person, over the phone and via email."  ECF 137 at 1.  Trial counsel included three experienced attorneys who vigorously cross-examined the government's witnesses and interviewed many prospective witnesses.   In addition, counsel identified and produced many land records in VanSickle's various aliases from the public records in Garrett County--some of which had been prepared by other Garrett County attorneys.  As explained by defense counsel, they developed a trial strategy and then executed it.  ECF 137, pp. 1-4.  Blythe's complaints regarding trial strategy and failure to call certain witnesses are all matters within the tactical decisions left to trial counsel. *See United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) ("the decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference," *quoting United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994)).

Blythe specifically identified trial counsel's failure to introduce evidence that Blythe was on vacation when the Rileys' closing occurred and that Robeson, her associate, handled their closing.  ECF 152 at 4; ECF 124-3 at 26.  Although Robeson testified at trial that he had recently

been admitted to the Maryland bar at the time of the closing, he was not permitted to handle

closings on his own by the defendant's title insurance company.  Trial Transcript Vol. III, pp.

623-24 (Ex. 1).  Introducing evidence of Blythe's failure to follow the practices of Blythe's title

insurer would have put her in a bad light.  Moreover, as trial counsel pointed out to Blythe in an

email, her signature on the Rileys' settlement statement made her responsible for the closing, and

trial counsel was reluctant to introduce evidence of bad notary practices at Blythe's law firm

when trial counsel was attempting to claim, on Blythe's behalf, that Blythe relied on the integrity

of notaries public.  ECF 139, Ex. 9 (at p. 124).  Trial counsel has the responsibility of balancing

the risks and rewards of the testimony of various witnesses; their decisions are not subject to

second-guessing in a 2255 proceeding.

### Trial Counsel's Alleged Failure to Prepare Defendant to Testify and Bad Advice on Testifying

Blythe complains that trial counsel did not prepare her to testify and gave her bad advice

not to testify.  Blythe never refers to the appropriate legal standard in either her original petition

or her memorandum.  In the context of providing legal advice about the right to testify, the

Fourth Circuit has made clear that "'all the defendant needs to know is that a right to testify

exists,' and the district court need not advise the defendant nor obtain a waiver." *United States v.

Sharp*, 400 Fed. Appx. 741, 748-49 (4th Cir. 2010) (q*uoting United States v. McMeans*, 927 F.2d

162, 163 (4th Cir. 1991)).  Pursuant to these precedents, a defense counsel satisfies the Sixth

Amendment requirement simply by ensuring the defendant knows of her right to testify or not to

testify.

The trial court and defense counsel put on the record Blythe's knowledge of her right to

testify, her right not to testify, her awareness of the jury instructions regarding a decision not to

testify, and her discussions with counsel about her right to testify.  Trial counsel specifically

asked the Defendant, "Have you had enough time to discuss this with us?"  The Defendant answered, "Yes, sir."  Tr. VI-1264-65 attached as Ex. 2.  The Defendant is now attempting to provide different answers than those she voiced to the trial judge.  The Defendant's assertions are not credible.  She was well aware of her right to testify.  First, she herself was an attorney. Second, whether or not she should take the stand was the subject of frequent discussions among counsel and the Defendant.  ECF 137 at ¶¶11-13; ECF 139 at pp. 81-83.  Defense counsel had prepared an extensive outline of her testimony.  ECF 139 at pp. 84-122.   Defense counsel was ready to proceed if Blythe exercised her right to testify.  Counsel's advice to her of the dangers of cross examination, especially in light of her failed polygraph and poor performance in trial preparation, ECF 137 at ¶¶ 12-13, was objectively reasonable, but counsel's willingness to follow the defendant's instructions if she chose to testify was clear from the extensive outline of her testimony.  Courts have been particularly loath to find prejudice where a defendant makes a strategic or tactical decision at trial, especially the determination not to testify.  *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983) ("Counsel's advice not to testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance."). Based on the foregoing, the Defendant cannot claim that she received objectively unreasonable representation in this matter or that she suffered prejudice from the advice she received.

**<u>Standard to Receive a Hearing</u>**

The government requests that the Court deny the 2255 petition without holding a hearing. The statutory standard requires a hearing unless the motion, the files and the record of the case "'conclusively show' that under no circumstances could the petitioner establish facts warranting relief under § 2255."  *Fontaine v. United States*, 411 U.S. 213, 215 (1973); *see, e.g.*, *United States v. Louisias*, 155 F.3d 562 (Table), at *1 (4th Cir. 1998) ("To the extent Appellant claims

the district court erroneously failed to conduct an evidentiary hearing, we find that an evidentiary hearing was not required because the record conclusively shows that Appellant is not entitled to relief.")  In the instant case, neither the original Petition nor the Memorandum prepared by appointed counsel identify any issue on which the Defendant could prevail.  Accordingly, the government respectfully requests that the Court deny the Petition and deny the request for a hearing.

Respectfully submitted,

Robert K. Hur
UNITED STATES ATTORNEY

By:     _____/s/_____
Joyce K. McDonald
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that the Government's Response to Defendant-Petitioner's Memorandum on 2255 was served on counsel for defendant/petitioner through filing in the Court's electronic filing system.

_____/s/_____
Joyce K. McDonald
Assistant United States Attorney