IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELA BLYTHE,<br><br>Defendant. | Criminal Case No. 14-CR-00591 |

GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR ACCOUNTING

In response to the Petitioner's Motion for Accounting, the Government presents the following:

1. Judgment was entered on December 16, 2015, which included restitution in the total sum of $948,203.25[1] in favor of the United States and against the Defendant, Angela Blythe (hereafter, Ms. Blythe). ECF No. 95.

2. Ms. Blythe's restitution was ordered to be joint and several with Defendant Samuel R. Vansickle in Case Number 14-CR-00071. Ms. Blythe's restitution was also ordered to be joint and several with Defendant Louis R. Strosnider per Mr. Strosnider's Restitution Order (ECF No. 160) entered by the Court in Case Number 14-CR-00071 on February 7, 2017.

3. In addition to the restitution entered as part of the Judgment against Ms. Blythe, in the Consent Order of Forfeiture filed with the Court on December 14, 2015, a forfeiture money

---

[1] With respect to Ms. Blythe's restitution balance, as the government researched its response to this motion, the U.S Attorney's Office became aware that the restitution figure provided in the Judgment (ECF No. 95) and the balance indicated in the payment record from the Clerk's Office did not match. Upon investigation, we learned that the imposition total, including special assessment, as provided in the judgment was $948,603.25 while the Clerk's Office's balance indicated that the imposition total was $984,603.25. The Clerk's Office has indicated their imposition total was recorded in the Statement of Reasons filed with this Court. The United States Attorney's Office and the Clerk's Office are working to resolve the issue of the recorded total imposition in the Judgment versus the Statement of Reasons and the Clerk's Office's balance is now consistent with the Judgment.

judgment in the amount of $696,517.00 was entered against Ms. Blythe. ECF No. 90. The forfeiture money judgment was also ordered by the Court to be joint and several with Mr. Vansickle.[2] ECF No. 95.

4. In an effort to clarify Ms. Blythe's Motion for Accounting before this Court, Ms. Blythe repeatedly refers to the United States Marshal as contacting her regarding her payments, however the United States Marshal was not involved in the collection efforts for this case. Instead, Ms. Blythe has been in contact with the United States Attorney's Office regarding these collection efforts.

5. In January 2022, the U.S. Attorney's Office mailed Ms. Blythe a Financial Disclosure Statement for her completion, in accordance with our usual practice. This Financial Disclosure Statement provides the U.S. Attorney's Office with a picture of the Defendant's income, expenses, and assets in order to be able to collect against a Defendant's restitution debt. The goal is that after the completion of the Financial Disclosure Statement, the Defendant will sign a Stipulated Motion for Installment Payment Order ensuring that she will make regular payments towards her oustanding debt. This Stipulated Motion for Installment Payment Order has been reviewed and approved by this Court as a model form used by the U.S. Attorney's Office to enter Defendants into payment agreements.

6. On March 31, 2022, after a review of Ms. Blythe's completed Financial Disclosure Statement, the Government sent Ms. Blythe via email a proposed Stipulated Motion for Installment Payment Order for her signature. This Stipulated Motion for Installment Payment

---

[2] In *Honeycutt v. United States*, 581 U.S. 443 (2017) the Supreme Court held that a defendant may not be held jointly and severally liable in a forfeiture money judgment for property that a co-conspirator acquired in the commission of a crime or criminal conspiracy, but which the defendant did not personally obtain. The case was decided after the judgment in this case became final. Nevertheless, it will be of no practical significance in this case, as the property at issue will be applied to the debtor's forfeiture money judgment once all payments associated with the sales have been completed and the United States Attorney's Office has been notified that it may proceed to consider filing a petition for restoration.

2

Order requested that Ms. Blythe begin submitting payments of $150 per month starting on May 1st, 2022 and continuing thereafter on the 1st day of each month. The Stipulated Motion for Installment Payment Order also stated that if Ms. Blythe agreed to the proposed payment plan, the United States would refrain from execution on the judgment so long as Ms. Blythe complied strictly with the terms set forth in the Stipulation. Execution on the judgment may include garnishment of wages, garnishment of bank accounts, and writs of execution on property. Again, this agreement allows debtors to enjoy a sense of economic security while freeing the United States Attorney's Office to focus its attention on debtors who are unwilling to commit to making regular payments.

7. On June 10th, 2022 after repeated attempts to contact Ms. Blythe directly, the Government was contacted by attorney Mary Davis regarding her representation of Ms. Blythe in another pending matter before this Court. The U.S. Attorney's Office reiterated to Ms. Davis that if Ms. Blythe agreed to sign the Stipulated Motion for Installment Payment Order that we could refrain from further execution on Ms. Blythe's debt for the reasons articulated above.

8. After repeated follow-up emails with Ms. Davis, the U.S. Attorney's Office was informed on July 25, 2022 to contact Ms. Blythe directly regarding the pending Stipulated Motion for Installment Payment Order. Ms. Blythe responded to the U.S. Attorney's Office on September 9, 2022 stating that a Motion for Accounting would be filed with the Court. A detailed payment history was provided to Ms. Blythe on September 14, 2022.

9. The U.S. Attorney's Office has repeatedly informed Ms. Blythe both directly and through her counsel that simply making the suggested monthly payments of $150 is not sufficient to obtain a commitment from the U.S. Attorney's Office to refrain from further collection action on her oustanding debt. This is consistent with standard practice in regard to all other debts handled

by the United States Attorney's Office in this district. To date, Ms. Blythe has not signed the U.S. Attorney's Office's proposed Stipulated Motion for Installment Payment Order.

10. A detailed payment history provided by the Clerk's Office as well as a payment history from the U.S. Attorney's Office's collections sytem for Ms. Blythe's outstanding restitution are submitted herewith and filed under seal (Exhibits 1 and 2). A comparison of the payment history from the U.S. Attorney's Office and the Clerk's Office shows that all payments submitted by Ms. Blythe have been applied in both the U.S. Attorney's Office and Clerk's Office collection systems. In addition, the Clerk's Office has credited payments made by co-defendants[3]; the U.S. Attorney's Office credits those payments periodicially when reconciling their records with the Clerk's Office.

11. In regard to Ms. Blythe's forfeiture money judgment, she inquires as to the status of properties that were sold by the United States as part of her co-defendant, Mr. Vansickle's Preliminary Order of Forfeiture (ECF No. 98, Case Number 14-CR-00071). As stated in her motion, Ms. Blythe is concerned both about the credit towards her forfeiture money judgment from the sale of these properties, and about the credit towards her restitution.  She states that the United States Marshal collected more than $2.7 million without crediting her for the payments received.

12. Of course, Ms. Blythe has presented the sales price of the real estate as gleaned from public records.  Each parcel of real estate has a different mix of claims, encumbrances, and other interests that must be paid before money is available for distribution.  In this case, we have not

---

[3] Ms. Blythe's motion to the Court also includes a request for information regarding payments made by her co-defendants. Due to privacy rights, neither the United States Attorney's Office nor the Clerk's Office may disclose the payment histories of other defendants in this case, regardless of whether or not those co-defendants are joint and several for the restitution. We can, however, indicate that all such payments have been applied to Ms. Blythe's restitution balance.  A review of Ms. Blythe's payment history shows that, indeed, she is receiving credit towards her restitution balance for all payments received drom her co-defendants.

4

been notified by the U.S. Marshals Service that funds are available, and we know that several of the parcels are still involved in claims disposition.  We are scheduling a meeting in January to discuss what remains to be done to bring the real estate issues to a conclusion.

13. Once all requisite costs, expenses and claims for each parcel have been paid, our office will credit the remaining net income against Mr. Vansickle's forfeiture money judgment and then against Ms. Blythe's forfeiture money judgment.  Ms. Blythe will be provided with statements as this process is ongoing, and once her forfeiture money judgment is paid in full.

14. Finally a "restoration hold" has been placed on all of the assets.  Before any of the funds are transferred to the Asset Forfeiture Fund, the United States Attorney's Office will have an opportunity to consider whether to file a Petition for Restoration to have the forfeited funds applied to the restitution judgment of Mr. Vansickle and, pursuant to the "joint and several liability" order, to Ms. Blythe's restitution judgment.  If the United States Attorney's Office believes that it can make the representations required, it will submit a Petition for Restoration to the Money Laundering and Asset Recovery Section (MLARS), which has been delegated authority by the Attorney General of the United States to handle many of these matters. It is within the discretion of the United States Attorney's Office to submit this petition to MLARS to have these funds credited, and MLARS has the sole authority to either approve or deny the application of these funds to Ms. Blythe and her co-defendants' debts.

15. In this case, distributions to other claimants are currently being made with regard to one or more of the real properties in question.  Once a final net amount is determined, then the United States Attorney's Office will evaluate whether it can make the necessary representations to submit a petition for restoration.  If such a petition is made and MLARS approves it, then the

funds from the liquidated assets will be applied to Mr. Vansickle's restitution. That payment will be applied as well to Ms. Blythe's restitution debt, at that time.

16. Finally, in regard to Ms. Blythe's pending Freedom of Information Act (FOIA) request to the Department of Justice, the defendant is attempting to do an end-run around the proper channels and get this Court to weigh in on a matter over which this Court has no jurisdiction at present. It is impossible to tell based on Ms. Blythe's motion the exact nature of her FOIA request and the exact office to which it was directed. Ms. Blythe must follow up with the proper FOIA officer at the Executive Office for United States Attorneys in order to request any additional information about her pending request, and then must pursue the matter through the appropriate procedures if she is unsatisfied with the response she receives.

17. Unless and until Ms. Blythe's restitution judgment is paid in full, the Financial Litigation Program (part of the Asset Recovery and Money Laundering Unit of the United States Attorney's Office) is required to collect the restitution for victims. Clearly Ms. Blythe does not believe the amount it seeks to collect is unreasonable, as she is making those payments each month. She has been told that she can enter into an installment payment agreement for that amount or she can risk forced collection action. Her response is to try to get the Court to create a third choice which allows her to pay what she wants each month without fear of forced collection action. But there is nothing that allows the Court to curtail the government's statutory collection tools for the debtor's convenience.

Accordingly, and for good cause shown, the government respectfully asks this Court to take no action with regard to the Defendant's Motion for an Accounting, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____
John Truex Chung, Federal Bar #19245
Tamera L. Fine, Federal Bar #24751
Assistant United States Attorney
36 S Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

7