IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. JKB-14-591 |
| ANGELA M. BLYTHE, | |
| Defendant. | |

## MEMORANDUM

Defendant Angela Mae Liller, formerly known as Angela Mae Blythe, moves the Court for an accounting of the restitution and forfeiture amounts collected in this case and *United States v. Vansickle et al.*, Criminal No. CCB-14-71 ("Motion"). (ECF No. 168.) The Court directed the United States of America ("Government") to respond to the Motion. (Order, ECF No. 169.) The Government filed a timely opposition (ECF No. 171), and the time to file a reply has passed. The Motion is ripe for resolution and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). For the following reasons, Ms. Liller's Motion will be DENIED.

### *1. Background*

On December 16, 2015, the Court entered judgment against Ms. Liller, which included a restitution penalty of $948,203.25. (Judgment, ECF No. 95.) Ms. Liller's restitution was ordered to be joint and several with Defendant Samuel VanSickle and Defendant Louis Strosnider. (*Id.* at 6; *see also* Restitution Order, ECF No. 160 in Criminal No. CCB-14-71.) In addition to restitution, Ms. Liller was ordered to pay $696,517.00 in forfeiture. (*Id.*; *see also* Consent Forfeiture Order, ECF No. 90.) The Court ordered the forfeiture and restitution judgments to be

1

joint and several with Mr. VanSickle, payable in monthly installments of $100.00 beginning when Ms. Liller started her term of supervised release. (Judgment, ECF No. 95 at 6; *see also* Sentencing Tr., ECF No. 121 at 43:12-20.)

In January 2022, the U.S. Attorney's Office asked Ms. Liller to complete a Financial Disclosure Statement, which sought information about Ms. Liller's income, expenses, and assets. (Opp'n, ECF No. 171 ¶ 5; Mot., ECF No. 168 ¶ 5.) Ms. Liller completed and returned the form. In response, the U.S. Attorney's Office sent Ms. Liller a proposed Stipulated Motion for Installment Payment Order ("Payment Order") for her signature. (Payment Order, ECF No. 168-2.) The proposed Payment Order would require Ms. Liller to pay $150.00 per month toward her outstanding debt. (*Id.* at ¶ 2.) In exchange, the Government would agree to refrain from executing the judgment against Ms. Liller, which could include a writ of execution, a writ of garnishment, and other relief. (*Id.* at ¶ 6.) Ms. Liller declined to sign the proposed Payment Order, but agreed to pay $150.00 per month toward her outstanding financial obligations. (Mot., ECF No. 168 ¶ 7.)

The instant dispute arises from Ms. Liller's discovery that the Government had seized and sold at least 20 properties under various forfeiture orders in *United States v. Vansickle et al.*, Criminal No. CCB-14-71. Ms. Liller alleges she received no credit toward her forfeiture and restitution judgments from the $2.7 million the Government gained from selling those properties. (Mot., ECF No. 168 ¶ 9; ECF No. 168-3.) Ms. Liller asked the Government to provide an accounting of the amounts Defendant Strosnider and Defendant VanSickle have paid toward the judgments. On May 20, 2022, Ms. Liller filed a Freedom of Information Act ("FOIA") request with the Department of Justice seeking the same information. (Mot., ECF No. 168 ¶ 18.) On September 14, 2022, the Government allegedly provided Ms. Liller with an accounting reflecting only her own payments. (*Id.* at ¶ 14; ECF No. 168-4.)

2

Ms. Liller filed this Motion requesting the Court order the Government to "provide an accurate accounting of [Ms. Liller's] outstanding amount due for forfeiture and restitution." (Mot., ECF No. 168 ¶ 22.) The Motion also urges the Court to order the Department of Justice to comply with Ms. Liller's FOIA request. (*Id.*)

### 2. *Analysis*

Ms. Liller's request for an accounting is largely moot. In response to the Motion, the Government provided payment history records showing that all payments submitted by Ms. Liller have been applied to her outstanding balance. (Sealed Payment History, ECF No. 173.) Because Ms. Liller is jointly and severally liable for her money judgments, she correctly notes that Mr. VanSickle's and Mr. Storsnider's payments should be credited toward her outstanding balance. Ms. Liller suspects the Government has not done so. To support her theory, Ms. Liller identifies 20 properties seized and sold under forfeiture orders in *United States v. Vansickle et al.*, Criminal No. CCB-14-71.

Ms. Liller, however, presents only the sales price of the properties. According to the Government, each property "has a different mix of claims, encumbrances, and other interests that must be paid before money is available for distribution." (Opp'n, ECF No. 171 ¶ 12.) Several properties still have pending claims, but the Government represents that it is working toward resolving them. (*Id.*) After following the various procedural requirements, and assuming any qualifying funds remain, the Government asserts that it will credit Ms. Liller's balance as required for joint and several liability. (*Id.* at ¶¶ 12–15.)

To the extent Ms. Liller seeks information about specific payments made by her co-defendants toward their joint and several liability judgments, the Court will deny such a request. While Ms. Liller would like to know precisely how much each of her co-defendants have paid

3

toward the judgment, she cites no authority for her proposition. Of course, "persons subject to restitution orders are entitled to know ... the extent of their remaining restitution obligations." *United States v. Yalincak*, 853 F.3d 629, 639 (2d Cir. 2017). But that is not in dispute here: Ms. Liller now knows exactly how much she owes toward her restitution and forfeiture obligations. Ms. Liller merely asserts, without evidence, that the Government has not applied Mr. VanSickle's or Mr. Strosnider's payments toward their joint financial obligation. Records filed under seal confirm the Government has in fact credited Ms. Liller's outstanding balance with payments from her co-defendants. (Sealed Payment History, ECF No. 173.) No justification exists for revealing private information about exactly how much each co-defendant has paid, and when such payments were made.

Finally, Ms. Liller asks the Court to order the Department of Justice to comply with her FOIA request. This demand essentially seeks an end-run around the usual channels for FOIA litigation. The few sentences Ms. Liller dedicates to explaining the status of her FOIA request are not enough to state a claim for relief. FOIA is not a shibboleth for parties to invoke in passing motion-practice; rather, the statute creates a cause of action properly raised in a complaint. *Compare* 5 U.S.C. § 552(b) ("*On complaint*, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.") (emphasis added) *with* Fed. R. Civ. P. 7 (distinguishing between motions and types of pleadings, such as complaints). Ms. Liller may choose to file suit under FOIA, as is her statutory right. The Court may not circumvent that process by granting the request for relief in the present Motion.

### 3. *Conclusion*

For the reasons stated here, the Court shall issue an Order denying Ms. Liller's Motion for Accounting (ECF No. 168).

DATED this __19__ day of January, 2023.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
Chief Judge
