IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. JKB-14-591 |
| ANGELA M. BLYTHE, | |
| Defendant. | |

## MEMORANDUM

Pending before the Court is Angela Mae Liller's[1] renewed motion for an accounting of the restitution and forfeiture amounts collected in this case and *United States v. Vansickle et al.*, Criminal No. CCB-14-71 ("Renewed Motion"). (Renewed Mot., ECF No. 182.) Ms. Liller's previous motion for an accounting (Mot., ECF No. 168) was denied by the Court (Mem., ECF No. 180; Order, ECF No. 181) after the United States of America ("Government") provided up-to-date information about Ms. Liller's outstanding financial obligations. For the following reasons, the Court will DENY Ms. Liller's Renewed Motion.

### I. Background

The Court will recite the minimum facts necessary to resolve Ms. Liller's Renewed Motion.[2] In 2015, the Court entered a criminal judgment against Ms. Liller, which included a restitution and forfeiture penalty. (Judgment, ECF No. 95.) Ms. Liller's restitution and forfeiture judgments were ordered to be joint and several with Defendant Samuel VanSickle and Defendant

---

[1] Ms. Liller was formerly known as Angela Mae Blythe.

[2] The Court's prior opinions describe the factual background of this dispute in greater detail. (*See, e.g.,* ECF Nos. 178, 180.)

Louis Strosnider. (*Id.* at 6; *see also* Consent Forfeiture Order, ECF No. 90; Restitution Order, ECF No. 160 in Crim. No. CCB-14-71.) Since beginning her term of supervised release, Ms. Liller has made monthly payments toward her outstanding financial obligations. (Mot., ECF No. 168 ¶ 7.)

In 2022, Ms. Liller learned that the Government had seized and sold at least 20 properties under various forfeiture orders in *United States v. Vansickle et al.*, Crim. No. CCB-14-71. In her prior motion for an accounting, Ms. Liller alleged she received no credit toward her forfeiture and restitution judgments from the $2.7 million the Government gained from selling those properties. (Mot., ECF No. 168 ¶ 9; ECF No. 168-3.) Presuming any profits from the sale would be applied to Defendant Strosnider's and Defendant VanSickle's outstanding balances, Ms. Liller asked the Government to provide an accounting of the amounts her co-defendants had contributed toward the joint and several judgments. Thus, Ms. Liller filed her previous motion to ask that the Court order the Government to "provide an accurate accounting of [Ms. Liller's] outstanding amount due for forfeiture and restitution." (Mot., ECF No. 168 ¶ 22.)

The Court denied Ms. Liller's prior motion. As described in the Court's prior opinion, Ms. Liller presented only the sales price of the properties. The Government noted that each property had "a different mix of claims, encumbrances, and other interests that [needed to] be paid before money [was] available for distribution." (Opp'n, ECF No. 171 ¶ 12.) Although several properties still had pending claims as of December 19, 2022, the Government explained that it was working toward resolving the outstanding issues. (*Id.*) Specifically, the Government said:

> In this case, we have not been notified by the U.S. Marshals Service that funds are available, and we know that several of the parcels are still involved in claims disposition. We are scheduling a meeting in January to discuss what remains to be done to bring the real estate issues to a conclusion.

(*Id.*) This statement by the Government is the subject of Ms. Liller's Renewed Motion.

2

## *II.   Analysis*

Ms. Liller's Renewed Motion argues the Government failed to fulfill its promise that "a meeting would be scheduled in January 2023 to resolve claims disposition." (Renewed Mot., ECF No. 182 ¶¶ 11–15.) The Court will deny Ms. Liller's motion for two reasons.

First, the Government did not represent it would ultimately resolve the pending claims in January 2023. The Government simply said it was planning to "schedul[e] a meeting in January *to discuss* what *remains to be done* to bring the real estate issues to a conclusion." (Opp'n to Mot., ECF No. 171 ¶ 12 (emphasis added).) In other words, the Government merely represented that it would confer about what administrative tasks need to be completed. Counsel's expression of an intent to schedule a meeting does not entitle Ms. Liller to court-ordered relief.

Second, the Court has little authority to micromanage how quickly executive agencies process forfeiture disbursements. Ms. Liller's Renewed Motion essentially asks the Court to order the U.S. Attorney's Office and the U.S. Marshals Service to prioritize administrative tasks related to her case. The Court declines to wade into the day-to-day enforcement priorities of the executive branch.

Congress granted the Attorney General the power to dispose of forfeited property. *See* 21 U.S.C. § 881(e), 18 U.S.C. § 1963(g). Enforcement decisions are "committed to agency discretion"—and therefore not subject to judicial review—if "the [authorizing] statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985). No statute provides a meaningful standard against which the Court could judge the proper speed of processing forfeiture disbursements. The U.S. Marshals Service and the U.S. Attorney's Office must balance their enforcement priorities with the resources available to them. The Court will defer to the expertise

3

and experience of those executive agencies in managing their workflow and conducting administrative tasks. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("[I]n the absence of clear evidence to the contrary, courts presume that [the Attorney General and United States Attorneys] have properly discharged their official duties."). Mere frustration with how long the Government has taken to process certain disbursements does not provide a basis for relief. Accordingly, the Court will DENY Ms. Liller's Renewed Motion.

### III. Conclusion

For the reasons stated here, the Court shall issue an Order denying Ms. Liller's Renewed Motion for Accounting (Renewed Mot., ECF No. 182).

DATED this \_\_15\_\_ day of February, 2023.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge