IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. JKB-14-591<br>(Civil No. JKB-17-1756) |
| ANGELA M. BLYTHE. | |

MEMORANDUM

Angela Mae Blythe, now known as Angela Mae Liller ("Petitioner"), moves the Court to alter its judgment denying her earlier petition under 28 U.S.C. § 2255. (Mot. Alter J., ECF No. 183.) No hearing is required. *See* Local Rules 105.6, 207 (D. Md. 2021). For the following reasons, Petitioner's Motion will be denied.

## I. *Background*

Petitioner was charged with bank fraud and other federal offenses[1] for her role in facilitating fraudulent real estate transactions for a certain Samuel VanSickle. (Indictment, ECF No. 1.) Andrew C. White, William N. Sinclair, and Andrew G.W. Norman (collectively referred to as "Silverman Thompson," the abbreviated name of their law firm) represented Petitioner in her criminal proceedings. (ECF Nos. 6, 7, 19.)[2] After a nine-day jury trial, Petitioner was convicted on all counts (Jury Verdict, ECF No. 72), and sentenced to approximately one year in prison. (Judgment, ECF No. 95.) Petitioner appealed her convictions to the United States Court of Appeals

---

[1] Specifically, Petitioner was charged with: (1) conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One); (2) bank fraud in violation of 18 U.S.C. § 1344 (Count Two); and (3) making false statements to banks in violation of 18 U.S.C. § 1014 (Counts Three and Four). (Jury Verdict, ECF No. 72.)

[2] Petitioner was initially represented by Robert Bonsib. (ECF No. 5.) Mr. Bonsib later withdrew his appearance. (ECF Nos. 14, 15.)

1

for the Fourth Circuit. (Notice of Appeal, ECF No. 97.) On July 13, 2016, the Fourth Circuit affirmed each of Petitioner's convictions in an unpublished per curiam opinion. *United States v. Blythe*, 654 F. App'x 618 (4th Cir. 2016).

On June 26, 2017, Petitioner filed a motion to vacate her conviction under 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 124.) On January 19, 2023, the Court denied Petitioner's motion to vacate. (Mem., ECF No. 178; Order, ECF No. 179.) On February 13, 2023, Petitioner filed this Motion to alter the court's judgment under Federal Rule of Civil Procedure 59(e).

## II.  *Legal Standard*

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Generally, a court's reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)).

## III.  *Analysis*

In her Motion, Petitioner contends the court erred in denying her 28 U.S.C. § 2255 petition without an evidentiary hearing. Specifically, Petitioner seeks an evidentiary hearing so she can testify that her trial counsel "fail[ed] to discuss a viable defense with her." (Mot. Alter J. at 2.)

The Court disagrees. Although § 2255 motions generally require an evidentiary hearing, a court need not hold such a proceeding when the record "conclusively show[s]" a petitioner is entitled to no relief. *See* 28 U.S.C. § 2255(b). In denying Petitioner's § 2255 motion without an evidentiary hearing, the Court's decision was "akin to a ruling on a motion for summary

2

judgment[.]" *United States v. Nguyen*, 789 F. App'x 965, 966 (4th Cir. 2020) (citing *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007) (internal quotation marks omitted)). Even construing the facts in a light most favorable to Petitioner, the record in this case conclusively established that Petitioner lacked a basis for relief.

Here, Petitioner's sweeping assertion that her lawyers failed to discuss a "viable defense with her" is belied by Silverman Thompson's detailed affidavit rebutting each allegation of ineffective assistance of counsel. (Tr. Att'y Aff., ECF No. 137.) In a 17-page affidavit, Silverman Thompson highlighted Petitioner's extensive involvement in pre-trial preparation and strategy. Silverman Thompson's rebuttal was not a mere *post hoc* rationalization of their pre-trial decisions; 191 pages of documentation and correspondence from Petitioner herself corroborate Silverman Thompson's claims. (Tr. Att'y Aff., Ex. 1, ECF No. 139.)

Petitioner's response to Silverman Thompson's affidavit tries to manufacture disputes of material fact where none exist. (*See* Pet'r's Resp. to Tr. Att'y Aff., ECF No. 142-1; Pet'r's Reply, ECF No. 142.) Faced with mountains of contemporaneously recorded evidence, Petitioner largely falls back on conclusory assertions and speculation, neither of which create genuine disputes of fact. *See Muchira v. Al-Rawaf*, 850 F.3d 605, 616 (4th Cir. 2017); *see also United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (citation omitted). Take, for example, Petitioner's claim that her lawyers should have called an expert witness to testify on her behalf. It is worth reproducing the Petitioner's argument on this issue in her counter-affidavit:

> One or more experts should have been called to explain to the jury many issues. Defense counsel made the decision not to call any experts. My emails show I suggested an expert would be helpful but that I would defer to their judgment. I

3

> hired STSW to represent me and that is what I expected. I did not agree an expert was unnecessary. Defense counsel failed to call an expert.

(Pet'r's Resp. to Tr. Att'y Aff. at ¶ 2, internal citation omitted.) Petitioner's own submission concedes she not only discussed with her lawyers whether to call an expert, but that she would defer to her lawyers' judgment on the question.

The lack of dispute over these underlying facts suggests an evidentiary hearing would be futile. *Strickland*'s presumption of reasonableness is "particularly difficult to overcome" in a claim of ineffectiveness for failing to call an expert witness. *McQueen v. United States*, Crim. No. 09-253-F-1, 2016 WL 413090, at *9 (E.D.N.C. Feb. 2, 2016) (citing *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004)). Silverman Thompson's discussion with Petitioner about the comparative risks and benefits of calling an expert witness goes beyond the constitutional requirements of counsel. *See United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010) (explaining that decisions about "which witnesses to call is a classic tactical decision left to counsel"). Petitioner's deference to her lawyers' judgment on the issue only provides further support for the Court's decision. *See Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995) (noting a petitioner's "consent [is] probative of the reasonableness of the chosen strategy and of trial counsel's performance").

Petitioner's Motion next contends the Court should have granted an evidentiary hearing to determine whether she was properly advised of her right to testify at trial. (Mot. Alter J. at 2–3.) Because Silverman Thompson allegedly failed to provide Petitioner a copy of one of the Court's pre-trial decisions, Petitioner claims she "did not know her state of mind was such an important issue." (Mot. Vacate, ECF No. 124 at 14.) Had Petitioner reviewed that decision by the Court, she asserts she would have testified in her own defense, and if she had taken the stand, she believes she would not have been convicted.

4

Several undisputed facts ensure this claim fares no better than the first. The most glaring problem is that Petitioner knowingly and voluntarily waived her right to testify on the record. (Trial Tr. vol. VI, ECF No. 117 at 1264:14–1265:19.) In a colloquy with Judge Quarles, Petitioner stated that Silverman Thompson had advised her of her rights and that she had "enough time to discuss" with her counsel whether she wanted to testify. (*Id.* at 1265:16–19.) In short, Petitioner "was clearly advised about [her] constitutional rights both to testify and not to testify, even though a trial court generally has no duty to inform a defendant of [her] right to testify." *United States v. Richardson*, 195 F.3d 192, 197 (4th Cir. 1999).

Still, Petitioner claims that her affidavit supporting her motion to vacate creates a dispute of fact as to whether her counsel properly informed her of her right to testify. (Mot. Alter J. at 2–3.) But Petitioner's *post facto* assertions do not warrant an evidentiary hearing. (Pet'r's Resp. to Tr. Att'y Aff. at ¶ 6.) To the extent Petitioner now suggests she was not informed of her right to testify, that assertion does not create a genuine dispute of fact because it directly contradicts her testimony at trial. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

Generally, Petitioner has failed to identify what testimony she could elicit in an evidentiary hearing that would entitle her to relief. Petitioner's claims, distilled to their core, are merely hindsight-based critiques of her lawyers' trial strategy. The Court need not hold an evidentiary hearing to dissect strategic trial decisions properly vested to counsel. Because there are no genuine disputes of material fact that would entitle Petitioner to relief, there are no issues of credibility for the Court to resolve. *See Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970) ("For the sake of prompt treatment of prisoner claims, we hope that many Section 2255 petitions will yield to

disposition on the record, or on the record as expanded. There will remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court."). Thus, the Court's denial of Petitioner's motion to vacate without an evidentiary hearing was not improper, and the Court will deny Petitioner's Motion to Alter Judgment.

## IV.   *Conclusion*

For the reasons stated here, the Court shall issue a separate Order denying Petitioner's Motion to Alter Judgment (ECF No. 183).

DATED this 27 day of February, 2023.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge